**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4362**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS PHILLIP DRAKE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:18-cr-00111-MOC-DCK-1)

Submitted: November 20, 2019                    Decided: December 12, 2019

Before KING, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Without the benefit of a plea agreement, Marcus Phillip Drake pled guilty to conspiracy to distribute and to possess with intent to distribute 50 grams of actual methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012), and possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, also in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Based on a total adjusted offense level of 31 and a criminal history category of I, Drake's advisory Sentencing Guidelines range was 108 to 135 months' imprisonment.[*] The district court granted Drake's request for a downward variance based on 18 U.S.C. § 3553(a)(6) (2012), imposing a 90-month term of imprisonment.

On appeal, Drake's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court abused its discretion in declining to award the full downward variance sought by Drake. Although advised of his right to file a pro se supplemental brief, Drake has not done so. We affirm.

---

[*] Because Drake received the benefit of the safety valve reduction, *see* U.S. Sentencing Guidelines Manual §§ 2D1.1(b)(17), 5C1.2 (2016), the district court was able to sentence him below the otherwise-operative statutory, mandatory minimum 10 years' imprisonment.

We review Drake's downward variant sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). This court first reviews for significant procedural error and, if the sentence is free from such error, we then consider the substantive reasonableness of the sentence. *Id*. Procedural error includes improperly calculating the defendant's Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, or failing to sufficiently explain the selected sentence. *Id*. We presume that a sentence within or below the defendant's properly calculated Guidelines range is substantively reasonable, *United States v. Susi*, 674 F.3d 278, 289-90 (4th Cir. 2012), and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors," *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and find that Drake's sentence is both procedurally and substantively reasonable. The district court properly calculated Drake's advisory Guidelines range and adequately explained its reasons for rejecting his request for a greater downward variance. Nor do we find any basis in the record for overcoming the presumption of substantive reasonableness accorded Drake's below-Guidelines sentence.

In accordance with *Anders*, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Drake, in writing, of his right to petition the Supreme Court of the United States for further review. If Drake requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

3

was served on Drake. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*